IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KAREN LEE WISZ,

                    Plaintiff,                    OPINION AND ORDER

    v.

                                                20-cv-690-wmc

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,[1]

                    Defendant.

Pursuant to 42 U.S.C. § 405(g), plaintiff Karen Lee Wisz seeks judicial review of the Social Security Commissioner's final determination upholding an opinion that she was not disabled. On appeal to this court, plaintiff maintains that: (1) Administrative Law Judge ("ALJ") Michael Hellman erred in determining her date last insured, arguing that it should have been June 30, 2018, rather than March 17, 2017; and (2) as a result, additional medical records from March 2017 through June 30, 2018, should have been considered, would have altered her residual functional capacity ("RFC"), and in turn, could have rendered her disabled. For the reasons that follow, the court will affirm the Commissioner's denial of benefits.

---

[1] Consistent with defense counsel's recent practice adopting a new caption to reflect that Kilolo Kijakazi was appointed as the Acting Commissioner of the Social Security Administration on July 9, 2021, the court has adjusted the captions in pending cases as reflected above.

BACKGROUND[2]

Wisz filed an application for social security disability benefits on February 9, 2017, claiming an alleged disability onset date of February 5, 2015. The ALJ determined based on earnings records that Wisz's date last insured was March 31, 2017. (AR 16; AR 252-254 (earnings record summary).) Accordingly, the ALJ found relevant period for plaintiff's claim was the roughly two-year period from February 5, 2015, to March 31, 2017.

OPINION

Plaintiff contends the ALJ erred in not considering the income she actually earned in 2017 of $1,406.10, and in 2018 of $7,028.89, in determining her date last insured. (Pl.'s Opening Br. (dkt. #20) 4.) Specifically, plaintiff argues that if those records had been included, her "actual date last insured was June 30, 2018." (*Id.* at 8.) From this, plaintiff contends that medical records for the period from March 2017 through June 2018 "would have established that her physical condition was more severe and would have merited a limitation to sedentary work," rather than the light work restriction found by the ALJ. As a result, plaintiff further argues that she would have satisfied the Medical Vocational Guidelines at Rule 201.14, rendering her disabled. (*Id.* (citing 20 C.F.R. Part 404, Subpart P, Appendix 1).

---

[2] The following facts are drawn from the administrative record, which can be found at dkt. #14. Typically, the court would provide a more thorough factual summary, including the exact nature of plaintiff's claim of disability, the record evidence, and the ALJ's decision. In this case, however, given the limited nature of plaintiff's grounds for appeal, the brief background above is sufficient to address plaintiff's challenge.

In response, the Commissioner argues that the ALJ correctly calculated the date last insured. Specifically, with limited exceptions not applicable here, the Commissioner points out that 20 C.F.R. § 404.130 provides that a claimant must meet the "20/40 requirement" in order to establish a period of disability and an entitlement to disability insurance benefits. *See also* POMS RS 00301.120, RS 00301.148.B. In sum, this regulation requires a claimant to show "at least 20 QCs [three-month quarters of coverage] in the 40-quarter period [] ending with that quarter." *Id.* As set forth in the record (and in a summary table in the Commissioner's opposition brief), for the forty-quarter period ending on March 31, 2017, and necessarily beginning in the second quarter of 2007, plaintiff had exactly twenty quarters of coverage, with "C" signifying earnings that satisfy a quarter of coverage and "N" indicating a quarter that does not:

| Table 1 | |
|---|---|
| Year | Quarters of Coverage |
| 2007 | C<u>CCC</u> |
| 2008 | <u>CCCC</u> |

| | |
|---|---|
| 2009 | CCCC |
| 2010 | CCCC |
| 2011 | CCCC |
| 2012 | NNNN |
| 2013 | NNNN |
| 2014 | NNNN |
| 2015 | NNNN |
| 2016 | NNNN |
| 2017 | CNNN |

(Def.'s Opp'n (dkt. #22) 5-6; *see also* AR 252-53.)

Critically, as this Table illustrates, the ALJ *did* take into consideration the earnings from the first quarter of 2017 to arrive at twenty quarters of coverage within a 40 quarter. Contrary to plaintiff's argument, however, the ALJ did not consider income earned in 2018. The record reflects that Wisz earned $7,028.89 in 2018, satisfying the earnings requirements for each of the four quarters in 2018. (AR 252-53.) In contrast, had the ALJ adopted plaintiff's argument that her date last insured was June 30, 2018, she would only have obtained *17* (rather than the required 20) qualified quarters of coverage during the relevant forty-quarter period, as reflected in the Commissioner's Table 2:

4

| Table 2 | |
|---|---|
| Year | Quarters of Coverage |
| 2008 | CC<u>CC</u> |
| 2009 | <u>CCCC</u> |
| 2010 | <u>CCCC</u> |
| 2011 | <u>CCCC</u> |
| 2012 | <u>NNNN</u> |
| 2013 | <u>NNNN</u> |
| 2014 | <u>NNNN</u> |
| 2015 | <u>NNNN</u> |
| 2016 | <u>NNNN</u> |
| 2017 | <u>CNNN</u> |
| 2018 | <u>CC</u>CC |
| 2019 | NNNN |

(Def.'s Opp'n (dkt. #22) 7.)[3]

In response to this argument and straightforward data, plaintiff punts in reply, and instead shifts her focus to alleged earnings in 2014, 2015 and 2019. (Pl.'s Reply (dkt.

---

[3] This data might beg the question why plaintiff did not argue that her date last insured should be December 31, 2018, but if we were to adopt that date, she would still only have *19* qualifying quarters out of 40, moving her closer to the 20 QC requirement, but still missing it.

#23) 4.) First, arguments raised for the first time in reply are waived. *E.g.*, *Wonsey v. City of Chi.*, 940 F.3d 394, 398 (7th Cir. 2019). Second, even if not waived, as the Commissioner points out in a proposed sur-reply, despite being on notice of her earnings records (showing no income in 2014, 2015 and 2019), plaintiff neither presented evidence of actual earnings from these years nor otherwise showed that these earnings entitled her to additional quarters of coverage. *See Quarter of Coverage*, Social Security Administration, https://www.ssa.gov/oact/cola/QC.html ($1,200 in earnings needs for QC in 2014; $1,220 for 2015; $1,360 for 2019). As such, plaintiff's request for relief on appeal must be dismissed.

## ORDER

IT IS ORDERED that:

1) The Commissioner's motion for leave to file a sur-reply (dkt. #25) is GRANTED.

2) The decision of defendant Andrew Saul, Commissioner of Social Security, denying plaintiff Karen Lee Wisz's application for social security disability benefits is AFFIRMED and plaintiff's appeal is DISMISSED.

3) The July 15, 2021, hearing is CANCELED.

4) The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 14th day of July, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge